I agree with the majority that Williams' motion to suppress asserted a sufficient factual basis to warrant an evidentiary hearing. Where I part company with the majority is on the issue of whether the trial court, consistent with Shindler and Xenia v. Wallace, could require defense counsel to utilize information provided to him by the prosecutor or otherwise available to him to cull from the numerous issues asserted in the comprehensive Shindler motion — which was based on a pattern motion contained in Painter and Looker's legal handbook — those issues that were arguably meritorious in this particular case.
This issue was not before the court in Shindler. In Shindler, the sole issue was whether the motion to suppress was drawn with sufficient factual specifity to warrant an evidentiary hearing.
Notwithstanding the factual sufficiency of Williams' motion, I believe that the trial court acted consistently with Shindler and Xenia v.Wallace when it insisted that defense counsel identify the legitimate suppression issues in this case, to which the suppression hearing would be limited, from among the host of issues raised by this pattern motion. In my judgment, the trial court's action shifted neither the burden of going forward with the evidence nor the burden of persuasion, and furthered the interests of judicial economy. Indeed, the majority recognizes the understandable frustration of trial courts and prosecutors when they are confronted with boilerplate, all purpose Shindler motions to suppress.
While the trial court sustained the prosecutor's motion to quash "in part," it is apparent from the record that the trial court intended to accord Williams an evidentiary hearing on any legitimate suppression issue his counsel identified.
For these reasons, I would affirm.